United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEX GALINDO and IRENE GALINDO,

    Plaintiff(s),

vs.

BALTIMORE AIRCOIL COMPANY, et al.,

    Defendant(s).
                                                /

No. 07-0386 MHP

**ORDER TRANSFERRING ACTION**

       This action was initiated in the Superior Court for the County of San Francisco and removed to this district. The action arises out of an accident that occurred in Madera, California where plaintiff Alex Galindo was employed by defendant Baltimore Aircoil Company. Madera, California is in the Eastern District of California. None of the events giving rise to this claim occurred in this district and none of the defendants reside in this district. The plaintiffs themselves reside in the Eastern District.

       Although removal to this district is proper under 28 U.S.C. sec.1441(a), since the action was brought in a state court within this district, the venue provisions of 28 U.S.C. sec.1391 make clear that venue in this diversity action is properly in the Eastern District. In fact, there is no apparent reason, other than a perception than San Francisco may provide a more plaintiff-friendly jury, why this action was initiated in San Francisco.

       Section 1391(a)(1) provides that venue is only proper in a "judicial district in which any defendant is subject to personal jurisdiction..., if there is no district in which the action may

otherwise be brought." <u>Doctor's Assocs. v. Stuart</u>, 85 F.3d 975, 983 (2d Cir. 1996) (subparagraph (a)(3) described as a "fall-back provision" where subparagaphs (1) or (2) do not provide venue). The court will not review whether there is venue under subparagraph (a)(1), since there clearly is venue under subparagraph (a)(2) in that "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District and none of the events or omissions occurred in the Northern District.

At the case management conference the parties conceded that there was no reason why the action should remain in this district and that venue was proper in the Eastern District where defendant Baltimore Aircoil maintains a manufacturing facility at which the plaintiff Alex Galindo was injured. It is not claimed that either defendant has any facility in the Northern District.

Accordingly, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Eastern District of California and the Clerk of Court shall transfer the file forthwith.

Date: May 8, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTES**